LEHNERT, Appellant v. STATE BOARD OF
DENTAL EXAMINERS, Respondent

(193 N.W. 2d 428)

(File No. 10802. Opinion filed January 6, 1972)
Order denying petition for rehearing 2-22-72

**Roubideaux & Bergren,** Fort Pierre, for plaintiff and appellant.

**Gordon Mydland,** Atty. Gen., **Thomas R. Vickerman,** Asst. Atty. Gen., Pierre, for defendant and respondent.

HERSRUD, Circuit Judge.

This is an appeal from a circuit court decision affirming an administrative decision of the South Dakota State Board of Dental Examiners. The Board had, pursuant to noticed hearings, suspended the right of James P. Lehnert, DDS, a dentist, licensed to practice in South Dakota, to practice his profession for a period of thirty (30) days on the grounds that he had allowed his wife and a Mrs. Smiley to practice dentistry contrary to SDCL 36-6-44(7) in his dental clinic. On appeal the circuit court affirmed the action of the Board.

■ The professional conduct of practitioners of dentistry is subject to reasonable regulation by the state or a duly authorized supervisory board. 70 C.J.S. Physicians and Surgeons § 31. For violation of SDCL 36-6-44(7) the Board of Dental Examiners may by order suspend or revoke in the manner provided in SDCL 36-6-45 any license of a practicing dentist for allowing unlicensed persons to perform dental services. There is no issue here of procedure or of the authority of the State Board of Dental Examiners. No useful purpose would be served by reciting the various hearings held both before the Board and before the trial court on appeal.

Appellant argues that the evidence is insufficient to sustain the findings of the Board to the effect that his wife and another employee, both unlicensed persons, were allowed to perform dental services. This finding was sustained by the trial judge. In Application of Northwestern Bell Telephone Company, 78 S.D. 15, 98 N.W.2d 170, the court said that so long as a legislative agency pursues its authority and does not transgress constitutional limitations, the courts have no power to interfere with its determinations. Here the findings of the Board are amply supported by substantial competent and sufficient evidence. The violation here involved is set out with specificity in the statute precluding any claim that the cause or grounds are not within statutory authority.

Appellant also argues that the 30-day suspension was not warranted under the circumstances. It might be well to set out that prior to the 30-day suspension the appellant had as the result of a prior hearing been served with a Cease and Desist Order on January 29, 1965. Thereafter on November 21, 1966, a second hearing was held and at that hearing the Board found the appellant in violation of its Cease and Desist Order and ordered a 30-day suspension to commence July 15, 1967. This suspension was also affirmed by the circuit court.

■ ■ This court will not substitute its opinion for that of the South Dakota State Board of Dental Examiners as to a just and fair suspension where its action is reasonably supported by substantial evidence. Here the suspension was delayed for about

a month. This allowed the appellant to arrange his appointments both before and after the suspension. The 30-day period could have constituted a vacation period. There was no caprice or severity in the sanctions imposed.

The Order of the South Dakota State Board of Dental Examiners suspending the appellant's license to practice dentistry in South Dakota for a period of 30 days is affirmed.

BIEGELMEIER and WOLLMAN, JJ., and RENTTO, Associate Judge, concur.

HERSRUD, Circuit Judge, sitting for HANSON, P. J., disqualified, and RENTTO, J., sitting as Associate Judge pursuant to SDCL 16-8-13 for WINANS, J., disqualified.

DOYLE, J., not participating.